BEENE v. NATIONAL LIQUOR CO. et al.
(No. 1836.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 1, 1917.)

FRAUDULENT CONVEYANCES ⚖➡47 — BULK SALES LAW — MORTGAGES — VALIDITY — "TRANSFER."

Mortgaging a stock of goods in bulk is a "transfer," if not a "sale," prohibited by Vernon's Sayles' Ann. Civ. St. art. 3971, providing that any sale or transfer of a stock of merchandise otherwise than in the ordinary course of trade is void as against creditors unless 10 days' notice is given.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transfer.]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by the National Liquor Company against the Archenhold Company and W. P. Beene. From the judgment rendered, Beene appeals. Affirmed.

See, also, 189 S. W. 86.

Boyd & Bell, of Teague, for appellant. Boggess & Naman and Nathan Patten, all of Waco, for appellees.

HODGES, J. This suit was filed by the National Liquor Company against Anderson & Baggett, a partnership, and the Archenhold Company, a corporation. The petition alleged, in substance, that it held against Anderson & Baggett a claim for $36.53 due and unpaid; that in July, 1914, Anderson & Baggett, being indebted to a number of persons, in order to divide their assets equitably among all their creditors, entered into a trust agreement with Archenhold Company by which they delivered to that company

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

their stock of merchandise, with the understanding that Archenhold Company should sell same within a reasonable time and divide the proceeds equitably among all the creditors of Anderson & Baggett. The Archenhold Company accepted the trust and took possession of the merchandise, but had failed and refused to execute the trust. It is further alleged that the value of the stock of merchandise amounted to $800. In conclusion, the plaintiff asked for judgment for the amount of its claim and that Archenhold Company be directed to perform the conditions of the trust. Other creditors, among whom were the appellant, W. P. Beene, were brought into the suit. Beene claimed a debt against Anderson & Baggett amounting to more than $1,000, and also claimed a lien by virtue of a mortgage upon the stock of goods which had been intrusted to Archenhold Company. The latter company answered admitting the facts substantially as alleged by the plaintiff in the suit, but denied the validity of Beene's mortgage.

The case was tried before the court without a jury, and the following is the substance of the findings of fact and conclusions of law: Anderson & Baggett were during the year 1914 engaged in business as retail liquor dealers, near the town of Oakwoods, Freestone county, Tex. On or about July 1st of that year, they became insolvent and discontinued business. They had at that time in their possession at their place of business a stock of goods, wares, and merchandise of the value of $800. On the 9th day of July, 1914, Anderson & Baggett turned over to a representative of the Archenhold Company their entire stock of goods, with the understanding and agreement that the stock was to be immediately shipped to Waco, Tex., to be within a reasonable time converted into cash by the Archenhold Company and the proceeds equitably divided among all the creditors of Anderson & Baggett. Archenhold Company through its agent took actual charge of the stock of goods on the morning of July 10, 1914, and shipped the same to Waco. The goods arrived in Waco on July 13, 1914, and have since remained and are still in the possession of Archenhold Company; the latter having made no attempt to dispose of the stock under the agreement above referred to. On July 10th, one day after the agreement made with Archenhold Company, and after the delivery of the stock of goods to its agent for transportation to Waco, Anderson & Baggett executed to W. P. Beene the note and mortgage set out in his pleading. At that time Beene had notice of the shipping of the stock of goods to Waco. The original mortgage was filed in the office of the county clerk of McLennan county on the 15th day of July, five days after its execution and delivery. There were daily mails from Teague to Waco, and had the mortgage been deposited in the mail on the day of its execution it would have reached Waco and might have been delivered to the county clerk on either the 11th or 12th of July, 1914, or the day upon which the stock of goods arrived in Waco. No attempt was made by Beene or any of the parties to comply with the provisions of the statute relating to the sale or transfer of stocks of merchandise in bulk. At the conclusion of the trial, and by agreement of all parties in open court, a receiver was appointed to take charge of the stock of goods and sell it under the direction of and subject to the approval of the court, and the money be paid into the registry of the court without prejudice to the rights of any of the parties to prosecute an appeal. The court then concludes as follows: (1) that the deed of trust cannot, as a matter of law, be recognized and enforced as a valid assignment, because not made in accordance with the requirements of the statutes relating to assignments. Consequently all liens claimed thereunder are invalid and of no effect. (2) That the mortgage held by Beene was, as between the mortgagor and the mortgagee, valid and binding, but void as to the creditors of Anderson & Baggett for the following reasons: First, because not filed forthwith, and, second, because the terms of the bulk sales law had not been complied with, the mortgage being a transfer within the meaning of that statute. Other conclusions followed as to personal judgments not involved in this appeal.

The only assignments of error presented are those which attack the court's conclusions of law in holding that the deed of trust held by Beene was invalid. It will be observed that the court placed his conclusions upon two grounds: One, the failure to comply with article 5655 of the statute, which required chattel mortgages to be filed forthwith in the office of the county clerk; the other, because the requirements of article 3971, known as the bulk sales statute, had not been complied with. If the latter objection urged to the validity of the mortgage be sound, it is immaterial whether it was promptly filed for registration or not. The article of the statute last referred to provides:

Any sale or transfer of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the usual and regular prosecution of the seller's or transferor's business, or a sale or transfer of an entire stock of merchandise in bulk, shall be void as against creditors of the seller or transferor unless previous notice shall be given ten days before the transfer is made.

The question is: Does the giving of a chattel mortgage on a stock of goods in bulk offend the provisions of that article? In other words, is a mortgage either a sale or a transfer within its meaning? The purpose of this article of the statute was to prevent an insolvent from giving a secret preference to one or more of a number of creditors. It is clear that he could not make

a sale in bulk without complying with the terms of the statute; but, if he may mortgage the stock to a particular creditor and thereby give the latter a prior right to thereafter have the stock of merchandise sold in bulk and the proceeds applied to the satisfaction of his debt, the evasion of the statute would be easy. It is not likely that such an obvious opening was overlooked by the Legislature. In construing article 5654 of the last revision of the statute, in Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S. W. 872, our Supreme Court held that a mortgagee was a purchaser within the meaning of the language there used. While a mortgagee does not under our law become the holder of the title to the mortgaged property, he does acquire, by virtue of a transfer from the owner, some fixed interest in the property, of which he cannot be devested without his consent. Hence we conclude that mortgaging a stock of goods in bulk is a "transfer," if not a sale, which is prohibited by statute except upon the conditions named. If the owner of a stock of goods will not himself be permitted to sell it in bulk until the notices provided for have been given, certainly he cannot confer that right upon a third party or upon the court in the judicial foreclosure of the mortgage. He will not be permitted to do by indirection through another what he could not himself do directly.

It is unnecessary to notice the remaining assignment of error.

The judgment is affirmed.