W. M. VAUGHAN, Appellant v. L. B. TYLER, Defendant, THE CITIZENS BANK OF ELDON, MO. Garnishee, Respondent,

Kansas City Court of Appeals, November 29, 1920.

1. **FRAUDULENT CONVEYANCES: Sales: Mortgage: Possession Thereunder Considered** "Disposition of Property" under Bulk Sales Statute. Taking possession of a stock of goods under a chattel mortgage by garnishee, who failed to demand and receive written statement of names and addresses of all creditors of defendant, the amount of indebtedness of each and to notify said creditors before taking possession as required by the Bulk Sales Act, Laws 1913, page 163, section 1, was such a "disposition of property" within the provisions thereof as rendered the chattel mortgage fraudulent and void as to creditors regardless of intention of parties and of fact that defendant was indebted to garnishee.

2. ——: **Possession: Violation of Bulk Sales Act: Garnishee Liable to Creditor.** Where garnishee obtains possession of debtor's goods without complying with law with reference to sale or disposition in bulk of stocks of merchandise through a conveyance under the law fraudulent and void and converts them to its own use, it is liable to the plaintiff creditor in garnishment proceedings.

3. ——: **Bulk Sales Act: Right of Creditors: Garnishment Remedy: Proviso of Section 2, Laws 1913, page 163, Authorizing Vendor's Lien Not Applicable in Garnishment Proceeding.** Where a creditor

did not proceed under section 2 of the Act of March 25, 1913, Laws 1913, page 163, giving him a lien on specific property sold and delivered to debtor by such creditor, but proceeded by attachment and garnishment, within ninety days after delivery of stock of goods to garnishee, the proceeding, was under the right given by law to a creditor to attack and set aside a conveyance rendered fraudulent and void and is in accordance with sections 1 and 4-A thereof, so that the proviso in said section 2, in reference to vendor's lien which the judgment attempts to enforce has no effect whatever and does not operate in any way.

Appeal from Miller County Circuit Court.—*Hon. John G. Slate,* Judge.

REVERSED AND REMANDED (*with directions.*)

*H. L. Donnelly* and *W. S. Stillwell* for appellant.

*Sid C. Roach* and *R. F. White,* for respondent.

TRIMBLE, J.—This is a garnishment proceeding in aid of an attachment suit wherein plaintiff Vaughan, at the December, 1919, term of the Miller County Circuit Court, obtained judgment against the defendant, Tyler for $102.50, after the attachment was sustained.

Defendant Tyler was a merchant in the town of Eldon owning a stock of groceries, goods, wares and merchandise, and on March 28, 1919, he executed to the Citizens Bank of Eldon, Missouri, a chattel mortgage on said stock and the furniture, fixtures and equipment of the store, to secure a note for $3750, due one year after date with seven per cent interest. The chattel mortgage provided that the mortgaged property should remain in the possession of the mortgagor until default be made in the payment of the debt or some part thereof. Tyler remained in possession and continued to run the store while the Bank retained the mortgage, withholding it from record, until the 20th of October, 1919, when it had the same recorded and then on the 21st of October, 1919, took possession of said store through a replevin suit in foreclosure of said chattel mortgage. The property so-

taken possession of was of the value of $3100. Therupon plaintiff Vaughan brought his said attachment suit and summoned the bank as garnishee, the entire matters being returnable to the said December, 1919, term.

The garnishee Bank filed its answer to the plaintiff's interrogatories wherein it denied having any property of defendant in its possession or that it owed defendant anything. It admitted, however, having had in its possession the property aforesaid, alleging that it took the same from the possession of the defendant under said replevin writ in foreclosure of said chattel mortgage.

Plaintiff's denial, which is the first formal pleading in the formation of the issues to be tried in garnishment proceedings, set up that the chattel mortgage under which garnishee took possession of said property on October 21, 1919, was fraudulent and void as to plaintiff and all other creditors of defendant; that garnishee failed to demand of and receive from the defendant a written statement of the names and addresses of all creditors of the defendant with the amount of the indebtedness due each, and failed to notify said creditors, as required by section 1 of the Act of March 25, 1913. [Laws 1913, p. 163.]

Garnishee filed no reply to plaintiff's denial, but the garnishment proceedigs were tried before the court sitting as a jury, as if the issues had been made up. It was conceded that the defendant, Tyler, from the date of the execution of the chattel mortgage aforesaid until the date of the taking possession by the bank aforesaid, was in possession of and conducting said business as a retail business and in the usual course of trade. It was further conceded that the garnishee did not in any way comply with the aforesaid law in reference to the sale or disposition in bulk of stocks of merchandise; also that the plaintiff was served with the writ of garnishment within ninety days after defendant delivered possession of the property to the garnishee. The court found that the mortgage was taken by the

garnishee in good faith to secure the payment of a valid and subsisting indebtedness long prior to the making of the account on which plaintiff based his action; that at the time of taking said mortgage by the garnishee there were no other creditors of the defendant except itself; and that garnishee took possession of said goods before any action was instituted by plaintiff against the defendant. The court thereupon rendered judgment discharging the garnishee "except as to any goods now in its possession, which said plaintiff sold to said defendant, on which said goods, if any, plaintiff has a vendor's lien, and for which said goods, if any, garnishee shall account to plaintiff by surrender of such goods or payment in cash therefor." There was no evidence that there were any such goods in the stock when turned over; and in the formulation of the agreed facts garnishee's attorney said; "It is not admitted that the garnishee was in possession of any of the goods covered by the account sued upon by the plaintiff."

Under the circumstances of this case, the taking possession of said stock of goods under the chattle mortgage was such "disposition of the property" as came within the provisions of the Act above mentioned. [Semmes v. Stecher Brewing Company, 195 Mo. App. 621.] Indeed, this is not disputed, but is in effect conceded by the judgment, since it grants the relief afforded by section 2 of the Act in proceedings brought thereunder. The chattle mortgage was fraudulent and void as to creditors. [Joplin Supply Company v. Smith, 182 Mo. App. 212; Riley, etc., Oil Co. v. Symmonds, 195 Mo. App. 111; Douglass Candy Co. v. Shenk, 195 Mo. App. 592; Ward v. Stutzman, 195 Mo. App. 376.] And this is true regardless of the intention of the parties and regardless of the fact that defendant Tyler owed garnishee a debt. Since the garnishee obtained possession of the debtor's goods through a conveyance that, under the law, is fraudulent and void, and has converted them to its own use, it is liable to the plaintiff creditor in this garnishment proceeding. [Brown Shoe Company v. Sacks, 201 Mo. App. 360, 368.]

The plaintiff herein did not proceed under section 2 of said Act, but proceeded by attachment and garnishment within ninety days after delivery of the stock of goods to garnishee. The proceeding is not under section 2 of said Act but is under the right given by law to a creditor to attack and set aside a conveyance rendered fraudulent and void in law. The proceeding is in accordance with section 1 and 4a thereof and not under section 2, so that the proviso in said section 2 which the judgment attempts to enforce, has no effect herein whatever and does not operate in any way. [Joplin Supply Co. v. Smith, 195 Mo. App. 212, 224, 228. See, also, Riley, etc. Oil Co. v. Symmonds, supra.]

The judgment is reversed and the cause remanded with directions to render judgment against the garnishee in favor of plaintiff in the sum of $104.50 and for costs. All concur.