First Natl. Bank of Joplin v. Swan Mach. Co.

---

FIRST NATIONAL BANK OF JOPLIN, Appellant, v. SWAN MACHINERY COMPANY, et al., Defendants, JOPLIN WELDING & MACHINERY CO., Garnishee, JOSEPH H. BRENNAN, Interpleader, Respondent.

Springfield Court of Appeals, May 8, 1922.

1. **GARNISHMENT: Rights of Attachment Creditor Held not Superior to Those of Judgment Creditor.** The rights of a creditor, who fails to institute an attachment suit within ninety days after the sale of his debtor's property without compliance with the Bulk Sales Law, and to serve the purchaser as garnishee within such time, are not superior to the rights of a creditor, whose judgment was listed as the only lien on the property in the contract of sale, though legally the latter was a party to the fraud to the extent that he should not be permitted to secure any greater rights under the contract than any other creditor.

2. **FRAUDULENT CONVEYANCES: Purchaser of Goods Sold Without Compliance with Bulk Sales Law is Subject to Garnishment,**

Though he Paid Purchase Price in Full. A purchaser of property sold without compliance with the Bulk Sales Law is subject to garnishment within ninety days after the sale, even though he paid the purchase price in full.

3. CONTRACTS: Creditor, Whose Judgment was Only Lien Recognized in Contract of Sale, Held Entitled Only to Pro Rata Share of Purchase Money with Other Creditors. Under a sale contract requiring the seller to list all his debts, notify the creditors, and pay any outstanding indebtedness out of the first purchase money payment, a creditor, whose judgment was the only lien recognized in the contract, acquired only a right to his *pro rata* share of the purchase price, and if it was not sufficient to pay all the creditors, though no creditor attached within ninety days after the sale, as required by the Bulk Sales Law.

4. ———: Rights of Judgment Creditor Under Contract with Debtor, Held not Superior to Those of Other Creditors. Under a sale contract requiring that the seller list all his debts, that his creditors be notified, and that any outstanding indebtedness be paid from the first purchase money payment, a creditor, for whose protection the contract provided that the amount of a judgment recovered by him should be retained by the purchaser pending final determination of his case, in which a motion for new trial was pending, acquired no rights superior to those of any other creditor, the purpose of the contract being to protect the purchaser against the Bulk Sales Law, and not to give such creditor a preference.

5. FRAUDULENT CONVEYANCES: Attachment Creditor Has no Preferred Right as Against Creditor, Whose Judgment is Recognized as Lien in Contract for Sale of Debtor's Property. In the absence of fraud in the execution of a contract to sell a debtor's property, a creditor cannot defeat the rights of another creditor, whose judgment was the only lien recognized in the contract, by a proceeding by attachment; he having no preferred right by reason thereof.

6. CONTRACTS: Agreement to Pay Judgment if Sale by Debtor was Consummated, Held not to Create Prior Lien on Purchase Price. An agreement by a debtor and the subsequent purchaser of its property that, if its motion for a new trial in a case wherein a creditor recovered a judgment was allowed to pass the term, so that the judgment could not become final until the next term, enough of the purchase money to pay the judgment would be retained by the purchaser pending final determination, if the sale were consummated, did not create a lien on the purchase price in favor of the judgment creditor, nor give him any rights superior to an attaching creditor, where the contract subsequently consummated provided for the pay-

ment of all creditors from the purchase price; such judgment creditor's remedy, if any, being against the seller and purchaser for breach of contract.

Appeal from Jasper County Circuit Court.—*Hon. Grant Emerson*, Judge.

REVERSED AND REMANDED.

*H. S. Miller* for appellant.

(1) That the question of fraud can be raised in garnishment proceedings has long been the settled law of this State. Potter v. Whitten Conqueror Trust Co., Garnishee, 170 Mo. App. 108; McDaniel v. Bryan, 123 Mo. App. 640; Epstein v. Clothing Co., 67 Mo. App. 221; Holmes Organ Co. v. Pettit, 35 Mo. App. 536; Gregg v. Bank, 80 Mo. 251; Lackland v. Garesche, 56 Mo. 267; Lee v. Tabor, 8 Mo. 322. (2) "It is a primary fact that possession of the pledged property must be transferred to the pledgee, for this is the very essence of the transaction." Stortz v. Mills, 93 Mo. App. 201; Chitwood v. Zinc Co., 93 Mo. App. 225; Staples v. Simpson, 60 Mo. App. 73; Van Stone v. Goodman, 42 Mo. App. 39. A mere agreement by the debtor that the creditor shall take and hold certain property as security for his debt is insufficient. Brewster v. Hartley, 99 Am. D. 237; Harrison v. Clark, 49 Atl. 186; Shaw v. Silloway, 14 N. E. 783; Baker v. Toles, 36 Atl. 551; Parkersburg Bank v. Harkness, 24 S. E. 548.

*Hubbert & Hubbert* and *George Crayton* for respondent.

(1) The agreement, by which the garnishee was to and did retain from the money payable to the defendant a sum sufficient to pay the judgment in favor of the interpleader, was sufficient to create an equitable lien in favor of the interpleader. 17 R. C. L., page 603, sec. 12, and page 604, sec. 13. (2) The arrangement by which Joplin

Welding & Machinery Company was to hold a sufficient part of the purchase price to cover the judgment in favor of the interpleader, though verbal, was not in violation of the Statute of Frauds. Alexander v. W. O. W. & Alexander, 193 Mo. App. 411, l. c. 415 and 416; Moulden v. Train, 199 Mo. App. 509; Wiehtuechter v. Miller, 276 Mo. 322. (3) Appellant, First National Bank, the attaching creditor could have no more right to this money than its defendant debtor, the Swan Machinery Company, had at the time when this garnishment notice was served, and this is true regardless of whether or not it had notice of a transfer, or equitable lien created by this agreement. Wheless v. Grocer Co., 140 Mo. App. 572, 590-1; Hotel v. Grocer Co., 140 Mo. App. 592; Smith v. Sterrett, 24 Mo. 260; Knapp Stout & Co. v. Standley, 45 Mo. App. 264, l. c. 269-70; Hendrickson v. Trenton Bank, 81 Mo. App. 332. (4) Question, between the debtor and assignor, as to consideration for the assignment, is not an open or disputable one. Young v. Hudson, 99 Mo. 102; Jaeska v. Reinders, 2 Mo. App. 212, 213.

COX, P. J.—The plaintiff, The First National Bank of Joplin, brought suit by attachment against the Swan Machinery Company and summoned the Joplin Welding and Machinery Company as garnishee. The garnishee answered and stated that it had in its possession $1360.48 but subject to the conditions of a certain contract, a copy of which was attached, and then alleged that one Joseph H. Brennan was claiming something more than $800 of this money under this contract and asked that Brennan be required to interplead and that the court determine to whom the amount claimed by Brennan should be paid. Brennan did interplead and trial was had before the court and a finding and judgment sustaining the interplea. The plaintiff has appealed.

The Swan Machinery Company was indebted to plaintiff, bank, upon two notes totalling over $4000. It was also indebted to Joseph H. Brennan. Brennan brought suit and on April 16, 1920, secured a judgment

MARCH TERM, 1922. 467

First Natl. Bank of Joplin v. Swan Mach. Co.

against the Swan Machinery Company for $892.93. A motion for new trial was filed and this motion was continued to the next term. The Swan Machinery Company was badly involved and was negotiating a sale of practically all of its property to the Joplin Welding & Machinery Company. This sale was finally consummated and on May 12, 1920, a contract was entered into in writing which described the property sold and stated the consideration as $6000.

This contract contained the following: "It is further agreed between said parties that the said first party is to immediately make a list of all debts owed by said first party, and that the creditors shall be notified as required by law and as required by the Bulk Sales Law, and in case there is any outstanding indebtedness that the same shall be paid out of the money received from the first payment on said property. Said first party hereby states that there are no liens or incumbrances of any kind or character upon said property except a judgment in the Circuit Court against first party in favor of Joseph F. Brennan for the sum of Eight Hunderd Dollars and some odd dollars, together with the costs thereof, and that until said case is finally determined said sum shall be retained in order to secure the second party from any loss thereon or bond given on appeal. The attachment suit of plaintiff was filed September 2nd and the garnishee served on September 18, 1920. There was evidence that the case of Brennan against the Swan Machinery Company was allowed to pass the term on the motion for new trial in consideration that the Joplin Welding & Machinery Company would hold enough of the purchase price of the property it was purchasing from the Swan Machinery Company to protect the judgment of Brennan if the motion for new trial should be overruled and the judgment become final. We do not, however, regard that as disposing of the case nor do we think the interpleader could sustain his claim upon that basis. The main contention rests upon the effect to be given to the written contract between the Swan Machin-

ery Company and the Joplin Welding & Machinery Company as affecting the rights of plaintiff as an attaching creditor and Brennan as an interpleader. It should be observed that plaintiff did not institute this suit by attachment until more than ninety days after the sale of the property as evidenced by the contract of May 12, 1920. Had the attachment suit been instituted and the garnishee served before the expiration of ninety days after the sale, we should have no hesitancy in holding that plaintiff's rights were superior to those of Brennan. Under the Bulk Sales Law, the sale was fraudulent as to creditors and Brennan, although a creditor, having sought to have his own interest protected in that deal, became, in a legal sense, a party to the fraud to the extent that he should not be permitted thereby to secure any greater rights thereunder than any other creditor. The purchaser himself was, within the ninety days, subject to garnishment even though he had paid the purchase price to the seller in full. [Vaughan v. Tyler, 206 Mo. App. 1, 226 S. W. 1034; Brown Shoe Company v. Sacks, 201 Mo. App. 360, 211 S. W. 133; Riley Penn Oil Co. v. Symmonds, 195 Mo. App. 111, 190 S. W. 1038.]

Plaintiff, not having taken this action within ninety days, lost the benefit of the provisions of the Bulk Sales Law as applied to the controversy between it and the interpleader Brennan. This leaves, then, for our determination but one question and that is what right did Brennan acquire, if any, under the contract of sale made between the Swan Machinery Company to the Joplin Welding & Machinery Company that must be recognized in this proceeding.

Referring to that contract, it will be seen that Brennan is the only creditor named and his claim is not admitted to be a valid one. He had judgment which was held up by a motion for a new trial at the time the contract was executed and it could not then be known what action the court would take on this motion or whether the claim of Brennan on which the judgment rested would

ever be adjudged a valid claim. However, the motion for new trial was afterward overruled and the judgment became final. For the purposes of this case, we may treat it as a valid claim at the time the contract of sale was executed. The provision in the contract which required the seller to prepare a list of all creditors and that they should be notified as required by the Bulk Sales Law and in case there was any outstanding indebtedness, the same should be paid out of the money received from the first payment on said property was evidently intended for the benefit of all purchaser, but at the same time it also operated for the benefit of all creditors. The fact that no creditor attached within ninety days did not relieve the parties to this contract of their mutual obligations thereunder nor take away from the creditors their rights under it. This agreement, independent of the Bulk Sales Law, bound the purchaser to secure from the seller a list of the creditors and the amount of the seller's debts to them and then apply the purchase price to their payment. In this provision all creditors were entitled to share *pro rata* and the only right Brennan acquired under this provision of the contract was a right to his *pro rata* share should there not be sufficient to pay all in full. Proceeding under this provision of the contract, the court should have ascertained as nearly as possible the amount of the entire indebtedness of the Swan Machinery Company at the date of the execution of this contract and if that exceeded the purchase price unpaid at the time of executing the contract, which by the recitals of the contract appears to have been $5500, Brennan's interest would have been his *pro rata* share. If it were sufficient to pay all debts, then his interest would be the amount of his claim.

In a legal sense the garnishee still has in its hands $5500, the balance of the purchase price of the property. If it has paid to any creditor more than his *pro rata* share, the garnishee is liable to the other creditors in the same amount as it would be if it had made no payments and still had the $5500 in its hands and if this amount is not sufficient to pay all of the debts of the Swan Machin-

ery Company, then Brennon's interest is to be ascertained by computing what his *pro rata* part of $5500 amounts to.

The contract contained the further provision that the purchaser should retain a sum sufficient to pay Brennan's judgment in case it should become final. We do not, however, regard this provision, as giving Brennan any rights superior to those of any other creditor under the other provisions of the contract. His claim was mentioned because it was known to the purchaser but not with any intent to make him a preferred creditor. What the purchaser wanted was protection against the Bulk Sales Law and it would not be just to either the purchaser or seller to say that they meant by this provision of the contract to give Brennan a preference and thereby destroy the very thing they were trying to secure.

The contract on its face does not appear to be fraudulent and in the absence of showing of a fraudulent purpose in its execution, the plaintiff cannot defeat Brennan's rights thereunder by proceeding by attachment. Plaintiff has no preferred right by reason of the attachment. Neither has Brennan a superior right by reason of any provision of the contract.

The judgment will be reversed and the cause remanded to be proceeded with in harmony with the views herein expressed. *Farrington* and *Bradley, JJ.,* concur.