MEIER ELECTRIC AND MACHINE COMPANY v. DIXON
ET AL.

[No. 11,845.   Filed April 11, 1924.]

1. STATUTES.—*In Derogation of Common Law.*—*Construction.*— A statute in derogation of common law must be strictly construed; it will not be extended by implication or by construction to classes or persons not fairly within the letter of such statute.   p. 402.

2. FRAUDULENT CONVEYANCES.—*"Sales in Bulk".*—*Statute.*— *Construction.*—The privilege of entering into or making con-

Meier Electric, etc., Co. *v.* Dixon—81 Ind. App. 400.

tracts, at common law, was both a liberty and a property right, and any statute which attempts to restrict that right, as the "Bulk Sales Law" (Acts 1909 p. 122, §7471a Burns 1914), being in derogation of the common law, must be strictly construed; it will not be extended by implication or by construction to classes or persons not fairly within the letter of such statute. p. 402.

3. FRAUDULENT CONVEYANCES.—*"Bulk Sales Law".—Application.*—The "Bulk Sales Law" is applicable only to stocks of merchandise kept for sale in the regular course of business, and does not apply to the sale of a hotel and sanitarium, together with the tables, chairs, dishes, table cutlery, stoves, etc., used in operating said hotel and sanitarium. p. 402.

4. APPEAL.—*Review.—Briefs.—Sufficiency.—Waiver.*—No question as to a ruling on a demurrer to a pleading is presented where appellant fails to include such pleading and demurrer in his brief. p. 404.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by the Meier Electric and Machine Company against Jennie Dixon and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John E. Sedwick,* for appellant.
*McNutt & McNutt* and *F. A. Seal,* for appellees.

PER CURIAM.—In January, 1921, and for some time thereafter, the appellee Jennie Dixon was the owner of the grounds and buildings situate thereon known as the Highland Sanitarium, at Martinsville, Indiana, and was operating the same as a hotel and sanitarium. She was also the owner of the furniture, fixtures, dishes, cutlery, stoves, etc., used in connection with the operation of said hotel and sanitarium, and was operating said plant as the Highland Sanitarium.

While she was so the owner and operating said sanitarium, the appellant herein furnished labor and materials and made certain needed repairs on the elevator in said sanitarium, and said appellee became indebted to appellant, by reason of such labor and materials so fur-

nished, in the sum, as claimed by appellant, of $90.70. Shortly thereafter, the exact date not being disclosed by the record, said appellee sold said real estate and also the furniture, fixtures, and equipment for running said hotel and sanitarium to her coappellee Jap Jones, who at once took possession of all of said property and became the proprietor of said hotel and sanitarium.

This action was commenced in June, 1922, by filing a complaint in one paragraph. It is the contention of appellant that the sale and transfer of the said property is within the provisions of the Sales in Bulk statute of this state; (Acts 1909 p. 122, §7471a Burns 1914) that the provisions of said statute were not complied with, and that it, therefore, had a right to have said purchaser declared to be a receiver, etc., as in said act provided.

The said purchaser filed a demurrer to said complaint which was sustained, and appellant refused to plead further. The appellee, Jennie Dixon, filed an answer in abatement, to which appellant demurred, and which demurrer was overruled with an exception to appellant. Appellant was then ruled to reply to said answer in abatement, which it declined to do, and suffered judgment to be rendered against it for costs.

The first question involved in this appeal is—Was the transaction between the appellees, in the matter of the sale of said hotel and sanitarium, together with the furniture, fixtures, and equipment thereof, within the provisions of said act? If it was, said demurrer was erroneously sustained.

The privilege of entering into or making contracts, the parties being *sui juris*, is at common law, both a liberty and a property right. *Off & Co.* v. *Morehead* (1908), 235 Ill. 40, 85 N. E. 264, 126 Am. St. 184, 20 L. R. A. (N. S.) 167, 14 Ann. Cas. 434. Any statute which attempts to restrict this right

is in derogation of the common law and must be strictly construed; it will not be extended by implication or by construction to classes or persons not fairly within the letter of such statute. *Fairfield Shoe Co.* v. *Olds* (1911), 176 Ind. 526. Said section of our statute, so far as the same is material to the question now under consideration, is as follows:—"The sale, transfer or assignment, in bulk, of any part or the whole of a *stock of .merchandise, or merchandise and the fixtures* pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular prosecution of the business of the seller, transferor, or assignor, shall be void as against * * *." (Our italics.) The thing which this statute inhibits is the sale, transfer, or assignment, in bulk, of *merchandise in stock,* or of *merchandise in stock and fixtures,* unless the requirements of the statute are observed. The expression "stock of merchandise" as used in the statute clearly connotes "articles of merchandise kept for sale", otherwise the provision in regards to the sale of such articles "in the regular course of business" is meaningless, and has no proper place in said statute. This leads to the inquiry, Are the tables, chairs, dishes, table cutlery, stoves, etc., mentioned in the complaint herein, articles kept by the proprietor of a hotel for "sale in the ordinary course of trade and in the regular prosecution of his business?" The appellant in this case cannot so insist, since it has alleged in its complaint that said articles were used in the business of said appellee Dixon *in operating said hotel and sanitarium.* Said articles were in no proper sense "merchandise." *Kent* v. *Liverpool, etc., Ins. Co.* (1866), 26 Ind. 294, 89 Am. Dec. 463. The court did not err in sustaining the demurrer of appellee Jones.

The appellant next complains of the action of the court in overruling its demurrer to the answer in abate-

ment of appellee Dixon. The record discloses 4; that said appellee filed an answer in abatement to which appellant filed its demurrer, and that, before a ruling was made thereon by the court, said appellee filed an "amended answer" in abatement, to which the appellant also demurred, and which demurrer was overruled, with an exception to the appellant. However, the appellant in its brief filed herein has not set out said "amended answer" nor its demurrer thereto. In this condition of the record, no question is presented on the ruling. *Getz* v. *Clough* (1922), 133 N. E. (Ind. App.) 884.

No error has been presented. Judgment affirmed.