HUGHES-CURRY PACKING COMPANY *v.* SPRAGUE.

[No. 25,735.   Filed March 5, 1929.]

*Humphrey C. Harrington* and *Adolph Zwerner*, for appellant.

*William A. Pickens, Linton A. Cox, Earl R. Conder, William D. Bain* and *Thomas Harvey Cox*, for appellee.

GEMMILL, J.—This action was brought by the appellant against the appellee, praying that appellee be adjudged a receiver for certain fixtures under the Bulk Sales Act.   Acts 1909, ch. 49, §§8052-8054 Burns 1926.

The amended complaint contained the following allegations:   On or about January 3, 1927, Winfred Bowen, who was named as a defendant in the lower court, was in

possession of and operating a meat and grocery business in the city of Indianapolis. He became indebted to the plaintiff for goods, wares, meats and merchandise purchased of plaintiff. On or about January 22, 1927, said Bowen, with the fraudulent intent of defeating his creditors, fraudulently sold, transferred and assigned his stock of merchandise to a party unknown to plaintiff, contrary to the Bulk Sales Act of the State of Indiana; and on or about January 22, 1927, said Bowen, with the fraudulent intent of defeating his creditors, sold, transferred and assigned in bulk the fixtures used in the operation of said business, to the defendant, Sprague Cash Register Exchange. In selling said fixtures, he did not comply with the provisions of the Bulk Sales Act. The defendant held said stock by virtue of said bill of sale, and the sale of the fixtures was void and illegal under the Bulk Sales Act. The prayer was that the defendant be adjudged a receiver of the stock of fixtures and be held liable to the creditors of Bowen for same. Appellee's demurrer to the amended complaint was sustained. Plaintiff declined to plead further, and judgment was rendered that plaintiff take nothing by his action and that the defendant recover costs. The ruling on the demurrer is assigned as error.

It is alleged that the owner of the goods, with fraudulent intent of defeating his creditors, fraudulently sold the fixtures. The question as to whether fraudulent intent in fact existed and entered into a transfer of fixtures in bulk was not material. If the law applied to the sale in question and the seller failed to take the steps imposed, in conformity to the terms of the act, the sale was fraudulent as a matter of law, so far as the creditors of the seller were concerned. *George Kraft Co.* v. *Heller* (1919), 188 Ind. 612, 125 N. E. 209.

The title to Acts 1909, ch. 49, is as follows: "An

Act in relation to the sale of merchandise or goods in bulk, and providing penalties for violation thereof." Part of §1 of the act reads: "The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular prosecution of the business of the seller, transferor, or assignor, shall be void as against the creditors of the seller, transferor, assignor, unless," etc. §8052 Burns 1926. The appellee contends that the sale of the fixtures alone by the owner thereof to him without compliance with the requirements of the Bulk Sales Act relative to notice, etc., in violation of the terms of such act, was not void.

The Bulk Sales Act of 1909 (Acts 1909 p. 122, ch. 49, prohibiting the sale in bulk of any part or the whole of a stock of merchandise, or merchandise and the fixtures, except under certain conditions as to notice to creditors, is in derogation of the common law and must be strictly construed. *Fairfield Shoe Co.* v. *Olds* (1911), 176 Ind. 526, 96 N. E. 592; *Meier Electric, etc., Co.* v. *Dixon* (1924), 81 Ind. App. 400, 143 N. E. 363. In the latter case, it was stated: "The thing which this statute inhibits is the sale, transfer, or assignment, in bulk, of *merchandise in stock*, or of *merchandise in stock and fixtures*, unless the requirements of the statute are observed." It was held therein that tables, chairs, dishes, table cutlery, stoves and other articles used in operating a hotel and sanitarium were not merchandise and did not come under the law.

In *Gallus* v. *Elmer* (1906), 193 Mass. 106, 78 N. E. 772, 8 Ann. Cas. 1067, the court said: "The phrase, 'stock of merchandise,' as used in the statute, properly and naturally describes articles which the seller keeps for sale in the usual course of his business. It does not naturally describe fixtures. It would hardly be within

the usual course of business for a storekeeper at any time to sell his fixtures, and it is not to be presumed that the legislature intended to prohibit the sale of a fixture, unless such intent is clearly expressed."

In the case of *In re Gary* (1922), 281 Fed. 218, it was decided that the Texas Bulk Sales Act, which is like that of this state in prohibiting a sale or transfer in bulk of a stock of merchandise or merchandise and fixtures, except under conditions therein named, does not prohibit the transfer of the fixtures of a store apart from the stock of merchandise. In that case, the court said: "The statute has employed plain and everyday language to express a thought not complex, but simple, that it shall be contrary to law for a sale or transfer in bulk of any part or the whole of the stock of merchandise, or merchandise and fixtures, to be made, except under the conditions named in the statute. The statute has not denounced a sale or transfer of fixtures apart from the merchandise, and the court has no authority to read into the statute a prohibition which the legislature did not place there."

The amended complaint clearly states that the stock of merchandise was sold to a person unknown to the plaintiff and not to the defendant, and that only fixtures were sold to the defendant. The two sales were made on or about the same day, but it does not appear that there was any connection between them. By the Bulk Sales Act, fixtures come within its provisions only when sold with merchandise. The legislature could have provided that a sale of fixtures independent of a sale of merchandise should be within the inhibition of the law; but it did not do so. And this court will not enlarge the scope of the statute by construction.

It was not error to sustain the demurrer to the amended complaint.

The judgment is affirmed.