## UNIVERSAL DEALERS CO. v. VANCE et al.

### No. 3664.

Court of Civil Appeals of Texas. El Paso.

April 21, 1938.

Rehearing Denied May 12, 1938.

G. H. Stalker, of Detroit, Mich., and Jones, Hardie, Grambling & Howell, of El Paso, for appellant.

J. M. Goggin and Isaacks & Lattner, all of El Paso, for appellees.

NEALON, Chief Justice.

January 21, 1937, J. L. Vance, one of appellees, was appointed general receiver of Patteson Motor Company, an insolvent Texas corporation. He qualified as such receiver January 22, 1937. February 23, 1937, appellant filed its claim, and on May 11, 1937, and June 18, 1937, filed amended claims aggregating $21,235.64, together with interest and attorney's fees, and claiming a lien upon all used motor vehicles, parts and accessories, bills and accounts receivable, furniture, fixtures and shop equipment owned by the insolvent debtor. The receiver and other creditors hereinafter referred to as "objecting creditors," filed answers denying the validity of the claim and especially of the alleged lien as to creditors. The case was tried without a jury upon certain stipulations and the evidence of J. M. Jones. Findings of fact were filed at the request of appellant. No additional findings were requested by any of the litigants. Judgment was rendered allowing plaintiff its debt, with interest and attorney's fees, but denying any lien or preference except as to bills and accounts receivable owned by Patteson Motor Company November 2, 1937, and the unpaid balances on said claims at the date of the receiver's appointment. From this judgment Universal Dealers Company prosecutes this appeal.

Briefly stated, this controversy grows out of the following transactions: January 10, 1936, Universal Dealers Company made a loan to Patteson Motor Company of $10,000. Contemporaneously therewith the debtor executed and delivered to Universal Dealers Company a chattel mortgage to secure said indebtedness by which it attempted to fix a lien upon all of its furniture, fixtures, equipment, stock of parts, accessories and used motor vehicles, together with an assignment of all of the notes and accounts receivable which might

be owned by it at the time of any default in the payment of said indebtedness. The mortgage provided that the mortgagor should have the right to sell the property, "in the normal course of retail trade," provided he should apply the proceeds of the sale to the payment of the notes, and further provided that until such payments were made it should hold such funds in trust for mortgagee. It was stipulated by counsel for appellant that everything in debtor's place of business was exposed for sale except the fixtures. On each of the three following dates, to-wit, March 18, 1936, July 15, 1936, and October 23, 1936, additional amounts were advanced by appellant to debtor and the contract amended so as to include the obligations so incurred within the terms of the original contracts and within the security of the mortgage. The contracts and the mortgage were filed in the office of the County Clerk January 11, 1937, and the indebtedness placed in the hands of an attorney for collection. Prior to the filing of the petition for and the appointment of receiver appellant took into possession eight of twenty-four automobiles theretofore in the possession of the mortgagor and caused a number of other vehicles of the same character to be seized by the United States Marshal under a writ of sequestration issued in a suit that appellant filed against mortgagor in the United States District Court for the El Paso Division of the Western District of Texas. All of the property so seized both by appellant and the Marshal was delivered to the receiver under a stipulation that such delivery should not prejudice the rights and claims, if any, of appellant that it had obtained by virtue of said seizures. None of the money so advanced was for the purchase of said automobiles.

### Opinion.

█ The District Court held that the liens attempted to be given by debtor to appellant were void as being violative of the provisions of Articles 4000 and 4001 of the Revised Civil Statutes, Vernon's Ann. Civ.St. arts. 4000, 4001. In Universal Credit Company v. J. L. Vance, Receiver, Tex.Civ.App., 117 S.W.2d 508, this day decided, identical issues as to the validity of alleged chattel mortgages arose, and we affirmed the judgment of the District Court holding said mortgages void as against creditors. Our views upon the subject are stated at length and the authorities that we deem controlling are cited. We adopt

the conclusions therein stated without restatement, and hold that the mortgage attempted to be given upon the vehicles and other goods, wares and merchandise exposed to daily sale was void as to creditors.

█ With respect also to the rights of other creditors than those herein styled "objecting creditors" to participate in the benefits accruing from avoiding the mortgages we adhere to the views therein expressed. It was stipulated in the instant case that the claims of "objecting creditors" accrued before the filing of the mortgages and contracts in the office of the County Clerk. The Court found as a fact that on and prior to January 11, 1937, and at the time the receiver was appointed, Patteson Motor Company was indebted to "numerous other creditors," whose claims were allowed in the receivership proceeding. There was no finding that any claims allowed had accrued after January 11, 1937, nor was such a finding requested, nor is there any evidence in the statement of facts submitted to us that would warrant such a finding. The record shows no reason for according different treatment to the general unsecured creditors in this case from that accorded them in the case of Universal Credit Company v. J. L. Vance, Receiver, supra.

█ It is urged that the trial court erred in not allowing a lien upon the fixtures of the insolvent debtor, and in holding that the attempt to give the mortgage upon the fixtures was violative of Article 4001 as being a transgression of the provisions of the Bulk Sales Law. There is nothing in the record to indicate the value of the fixtures or that they were of such substantial value as would make a failure to fix a lien upon them reversible error if such action were founded upon misapprehension of the law. Insofar as the findings of the Court and the statement of facts submitted reflect the situation, there is nothing to negative the thought that they may have been of inconsequential value as compared with the amount involved. While the District Court could take cognizance of the condition of the estate as reflected by the receiver's inventory and reports, and other evidence, if any, this Court cannot presume that the trial court erred in its findings in the absence of anything in the record to show error. We agree with the trial court that the attempt to give the mortgage was violative of Article 4001, Revised Civil Statutes. Beene v. National

Liquor Co., Tex.Civ.App., 198 S.W. 596; Hall v. Conine, Tex.Civ.App., 230 S.W. 823; Texas Bank & Trust Co. v. Teich, Tex.Civ.App., 283 S.W. 552; Vaughan v. Tyler, 206 Mo.App. 1, 226 S.W. 1034.

All assignments of error are overruled. Judgment is affirmed.