MARY DENGLER v. JAMES L. HAYS, AS RECEIVER, &c., OF ROSWELL W. HOLMES.

Argued November 2, 1898—Decided February 27, 1899.

If two suits be instituted at the same time by the same plaintiff against the same defendant on the same cause of action, the pendency of each may be pleaded in abatement of the other, unless it appears that the suits are legally capable of answering different purposes.

---

In tort. · On demurrer to plea.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON and DIXON.

For the plaintiff, *Edwin A. S. Lewis.*

For the defendant, *Edward Q. Keasbey.*

The opinion of the court was delivered by

DIXON, J. To a declaration in tort the defendant pleads in abatement the pendency of another suit instituted simultaneously with this, in the same court, by the same plaintiff against the same defendant upon the same cause of action, and the plaintiff demurs.

The authorities hold that, if two suits be instituted at the same time by the same plaintiff or persons suing in the same right, against the same defendant on the same cause of action, the pendency of each may be pleaded in abatement of the other. 36 *Edw. III.* 36 ; *Pie* v. *Coke, Hob.* 128 ; *Beach* v. *Norton,* 8 *Conn.* 71 ; 1 *Encycl. Pl. & Pr.* 753. In *Combe* v. *Pitt,* 3 *Burr.* 1423, Lord Mansfield questioned the decision in Pie *v.* Coke, but not on the doctrine above stated, doubting merely whether " the same day " necessarily meant in law " the same time."

The foundation of the doctrine is the maxim, " *Nemo bis vexari debet pro eadem causa.*" When a recovery in one suit would answer the purposes of a recovery in both, the prosecution of two suits is vexatious, and the second will be abated if the court can ascertain which is the second, and if it cannot, both will abate.

The plea seems to bring the present case within the rule, and consequently the writ must be quashed, unless the plaintiff obtains leave to withdraw his demurrer and reply.