## CHARLES DUPLESSIS v. PETER MOINE.

Argued February 18, 1913—Decided June 19, 1913.

Where the plaintiff, claiming the ownership of certain chattels in the possession of defendant, brought replevin for the recovery thereof, and while the action was pending instituted an action sounding in trespass for damages for the unlawful detention—*Held*, that since plaintiff had elected to determine his right as to the possession of the chattels by an action in replevin, which if properly institute carried with it damages for the unlawful detention, the second action was barred by the pendency of the first, if pleaded in abatement.

On appeal from the Somerset District Court.

Before Justices GARRISON, SWAYZE and MINTURN.

For the plaintiff, *Peter & John Bentley.*

For the defendant, *Frederick A. Pope.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff commenced this suit in the Somerset District Court in trespass, for damages arising out of the alleged unlawful detention of certain personal property by the defendant. Prior to commencing this action he had instituted in the Circuit Court an action of replevin, to recover the same goods, which action was pending and undetermined when this suit went to trial. The defendant pleaded in abatement the pending of the replevin suit, and the trial court held that the plaintiff in pursuing his remedy in replevin had made an election which operated as a bar to the prosecution of this suit.

In the replevin suit the defendant filed no plea, and the plaintiff took judgment by default, but subsequently caused that judgment to be opened, which is its present *status.* It is clear under the twenty-eighth section of the Replevin act (*Comp. Stat., p.* 4375) that if the plaintiff had properly pur-

sued his remedy in that action the damages he now seeks would be there recoverable, if proven.

The action of replevin under the statute furnished the right to recover damages for unlawful detention, but by failing to demand the goods before instituting suit the plaintiff lost his right to such recovery, and for that purpose instituted this suit.

We think the ruling of the trial court that the plaintiff's election to sue in replevin operates as a bar to his recovery of damages in an action of trespass was correct. Tidd states the rule as follows: "Where cattle or goods are wrongfully taken and detained he may bring trespass *vi et armis* replevin, trover or detinue. But the plaintiff having once made his election, cannot afterwards bring another species of action for the same cause, either whilst the former is pending or after it has been determined." 1 *Tidd* 7; also 1 *Chit. Pl.* 212.

At common law replevin was concurrent with trespass, and accordingly one who was disseised of a chattel was put to his election to sue in trespass, replevin or detinue and later in trover. If he prosecuted in trespass, damages to the full value of the chattel taken could be recovered, for the action proceeded upon the theory that the property had vested in the tort-feasor. If he chose replevin the plaintiff reacquired the chattel as his own, and recovered damages for the wrongful detention. 1 *Str. Leg. Liab.* 216.

In 14 *Hen. VII.* the Year Books (*p.* 22) contain this concise entry: "An action of trespass was brought for the tortuous taking of seizing a horse. The defendant pleaded that an action of replevin was then pending in the King's Bench for the same horse, grounded upon the same wrong. The plea was held good."

The modern cases are collected in 15 *Cyc.* 252, and election is there defined to be "The choice by the party to an action of one or two or more co-existing remedial rights, where several such rights arise out of the same facts." Of course this general rule is but the practical application to

the concrete case of the maxim *Nemo debet bis vexari pro una et eadem causa.   Dengler* v. *Hays,* 34 *Vroom* 14.

We are of opinion that the rule was properly applied in this instance by the trial court, and that the judgment should be affirmed.