## THOMAS J. KETT v. JOHN MASKER.

Argued November Term, 1913—Decided April 3, 1914.

1. The act entitled "An act to prohibit sales of merchandise in bulk in fraud of creditors," approved June 11th, 1907, is constitutional.

2. The validity of a sale of goods made in contravention of that act may be inquired into in an action of replevin instituted by the vendee or his successor, claiming title against the levy of a constable under a writ of attachment against the vendor.

3. The finding of the trial court that the sale by the debtor was made in contravention of the provisions of the act, renders the sale, if the finding be warranted, void *ab initio*, so as to invalidate a sale to a subsequent vendee claiming title and possession as against an attaching creditor.

4. The enforcement of process by an officer properly authorized is to be regarded in construing this statute as the act of the creditor named therein.

On appeal from the First District Court of Jersey City.

The action was in replevin brought by Thomas J. Kett against John Masker, one of the constables of the First District Court of Jersey City, for the recovery of property held by him under an attachment in the suit of Auston Nichols Company against Frank Nuzzo.

Nuzzo conducted a grocery store at No. 153 Sixth street, Hoboken. On May 9th, 1913, he transferred his store in bulk to Herman J. Jaeger, a clerk in his employ, for a consideration of $2,500, of which only $100 was paid in cash, and a mortgage given for $2,000. The bill of sale and mortgage were recorded on the same day.

Shortly thereafter, Jaeger sold the same store to Thomas J. Kett, an auctioneer, for about one-half of what he paid, namely, $1,200.

There was no evidence that Jaeger, when he acquired the store, made any inquiry about creditors, as required by the Sales in Bulk law. Nuzzo owed his creditors about $2,000. There was evidence that Kett inquired of Jaeger about Jaeger's creditors, but was informed that there were none. Kett made no inquiries about Nuzzo's creditors, and the name of Nuzzo was on the store when Kett purchased.

The defendant, a constable, levied upon the goods in the store under a writ of attachment against Nuzzo at the suit of one of his merchandise creditors. The trial court held that Kett had not satisfied the requirements of the act which declares the purpose of the legislature that no sale of merchan-

dise in bulk or stock of goods be made without inquiry, in good faith, and that sale was characterized by instances which would have called the attention of any ordinary business man to the fact that it was made as a fraud upon creditors, and rendered judgment for the defendant.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the plaintiff, *Haight & Aulenreith.*

For the defendant, *Hartshorne, Insley & Leake.*

The opinion of the court was delivered by

MINTURN, J.   The District Court, upon a basis of fact, furnished by the testimony, found that the sale in bulk, in this case, to Jaeger, was void as having been made fraudulently in contravention of the provsions of the so-called Sales in Bulk act. *Pamph. L.* 1907, *p.* 570. We think the testimony was ample to warrant the finding. There is nothing in the testimony from which we can reasonably infer that either the plaintiff or his vendor, Jaeger, made the slightest pretext to comply with the provisions of that act. Their failure to do so is defended upon the ground, *inter alia,* that the act is unconstitutional as contravening the fourteenth amendment of the federal constitution. Substantially, similar statutes in other jurisdictions have been held to be constitutional. *Thorpe* v. *Penrock Company,* 99 *Minn.* 22; *Williams* v. *Wischita Bank,* 156 *Okla.* 477; *Squrer* v. *Tellier,* 155 *Mass.* 118; *Nees* v. *Borches,* 109 *Tenn.* 398.

The United States Supreme Court, in *Kydd & Co.* v. *Musselman Company,* 217 *U. S.* 461, upheld the constitutionality of the Michigan act which had been sustained in that jurisdiction. *Spurr* v. *Travis,* 145 *Mich.* 721.

The general authority and policy of legislative regulation of this character is vindicated upon the theory of the police power for the suppression of fraud, and the protection of legitimate business. *Lemieux* v. *Young,* 211 *U. S.* 489.

The plaintiff's title depends upon the validity of his vendor's title. If that was void by reason of the application of the Sales act to the facts, the plaintiff's title necessarily falls. His contention that the defendant is not a creditor within the meaning of the act is unsubstantial. Defendant, as a properly authorized officer of the law, represents a judgment creditor upon a writ of attachment, and for this purpose the creditor acts through him. *Qui facit per alium facit per se.*

Equally unsubstantial is the contention that the defendant cannot raise the question of title in this proceeding, but must attack the sale by a direct proceeding for the purpose of invalidating it. The general policy and purpose of the act upon proof of the facts is to render the alleged sale null and void, *ab initio,* "as against the creditors of the seller" (section 1). The trial court, upon a contest involving the plaintiff's title and right to possession, which were clearly in issue (*Brevman* v. *Reinhorn,* 71 *N. J. L.* 422; *Duplessis* v. *Moine,* 87 *Atl. Rep.* 111; *Petchink* v. *Rich, Id.* 98), held, that by reason of the existence of the fraud contemplated by the statute, the plaintiff had not acquired title. This finding quite manifestly upheld the validity of defendant's levy under the writ of attachment, and warranted the entry of this judgment.

The objections raised to the rulings of the trial court require only the comment that they were in effect unprejudicial to the plaintiff's case.

The judgment will be affirmed, with costs.