This case makes it necessary for us to say whether the so-called sales in bulk law is a constitutional enactment (Personal Prop. Law, § 44, L. 1914, ch. 507; Cons. Laws, ch. 41). A very similar law was enacted in 1904 (L. 1904, ch. 569). InWright v. Hart ([1905] 182 N.Y. 330) we held it to be unconstitutional. We said that it violated the federal constitution in denying to merchants the equal protection of the laws. We said that it violated both the federal and the state constitution in imposing arbitrary restrictions upon liberty of contract. That decision was reached by a closely divided court. Three judges dissented. There were strong dissenting opinions by Judge VANN and Chief Judge CULLEN.
Since Wright v. Hart was decided, the validity of like *Page 385 
statutes has been upheld in two cases by the United States Supreme Court (Lemieux v. Young, 211 U.S. 489; Kidd, Dater Price Co. v. Musselman Grocery Co., 217 U.S. 461). Objection to this statute on the ground of conflict with the federal constitution has thus been removed. We have still to determine, however, whether there is any conflict with our state constitution; and that requires us to say whether we shall adhere to our decision in Wright v. Hart.
We think it is our duty to hold that the decision in Wright
v. Hart is wrong. The unanimous or all but unanimous voice of the judges of the land, in federal and state courts alike, has upheld the constitutionality of these laws. At the time of our decision in Wright v. Hart, such laws were new and strange. They were thought in the prevailing opinion to represent the fitful prejudices of the hour (Wright v. Hart, supra, at p. 342). The fact is that they have come to stay, and like laws may be found on the statute books of every state. The United States Supreme Court has sustained them (Lemieux v. Young, supra;Kidd, Dater Price Co. v. Musselman Grocery Co., supra). The courts of Washington (McDaniels v. J.J. Connelly Shoe Co.,
[1902] 30 Wn. 549); Tennessee (Neas v. Borches, [1902]109 Tenn. 398); Connecticut (Walp v. Mooar, [1904] 76 Conn. 515;Lemieux v. Young, [1905] 79 Conn. 434); Massachusetts (Squire Co. v. Tellier, [1905] 185 Mass. 18); Oklahoma (Williams v. Fourth Nat. Bank, [1905] 15 Okla. 477); Minnesota (Thorpe v. Pennock Merc. Co., [1906] 99 Minn. 22); Michigan (Spurr v. Travis, [1906] 145 Mich. 721; MusselmanGrocer Co. v. Kidd, Dater Price Co., [1908] 151 Mich. 478); Pennsylvania (Wilson v. Edwards, [1907] 32 Penn. Super. Ct. 295; Feingold v. Steinberg, [1907] 33 id. 39); Georgia (Jaques Tinsley Co. v. Carstarphen Warehouse Co., [1908]131 Ga. 1); Mississippi (Moore Dry Goods Co. v. Rowe, [1910]97 Miss. 775; [1912] 99 id. 30); Maine (McGray v. Woodbury, *Page 386 
[1912] 110 Me. 163); Texas (Nash Hardware Co. v. Morris,
[1912] 105 Tex. 217); Nebraska (Appel Merc. Co. v. Barker,
[1912] 92 Neb. 669); New Jersey (Kett v. Masker, [1914]86 N.J.L. 97); Idaho (Boise Ass'n v. Ellis, [1914] 26 Idaho 438) ; Montana (Wheeler M. Merc. Co. v. Moon, [1914]49 Mont. 307), and Oregon (Coach v. Gage, [1914] 70 Or. 182) have sustained them. Indiana, Ohio and Illinois, which once held such laws bad (McKinster v. Sager, [1904] 163 Ind. 671;Miller v. Crawford, [1904] 70 Ohio St. 207; Williams Thomas Co. v. Preslo, [1911] 84 Ohio St. 328; Off Co. v.Morehead, [1908] 235 Ill. 40), have sustained their present laws, which do not differ substantially from our own (Hirth-Krause Co. v. Cohen, [1911] 177 Ind. 1; Johnson Co. v. Beloosky, [1914] 263 Ill. 363; Steele, Hopkins MeredithCo. v. Miller, [1915] 92 Ohio St. 115). The one jurisdiction in which such statutes remain invalid is Utah (Block Griff v.Schwartz, [1904] 27 Utah, 387), and there the adverse judgment was rendered many years ago.
In such circumstances we can no longer say, whatever past views may have been, that the prohibitions of this statute are arbitrary and purposeless restrictions upon liberty of contract (Rast v. Van Deman Lewis Co. 240 U.S. 342, 366; NobleState Bank v. Haskell, 219 U.S. 104; Otis v. Parker,187 U.S. 606). The needs of successive generations may make restrictions imperative to-day which were vain and capricious to the vision of times past (People v. Schweinler Press,214 N.Y. 395). Back of this legislation, which to a majority of the judges who decided Wright v. Hart seemed arbitrary and purposeless, there must have been a real need. We can see this now, even though it may have been obscure before. Our past decision ought not to stand in opposition to the uniform convictions of the entire judiciary of the land. Least of all should it stand when rendered by a closely divided court against the earnest protest of distinguished judges. Indeed, in a later case (People v. Luhrs, *Page 387 195 N.Y. 377), we stated with the concurrence of all the members of the court, that the authority of Wright v. Hart had been shaken, though the case did not call upon us to determine whether it was still the law. We cannot say to-day in the face of such overwhelming authority, that the presumption of validity which attaches to every act of legislation has been overcome. The present statute is similar in essentials to the one condemned in 1905. In details it may be distinguished from the earlier one, but the details are in reality trifling. We cannot without a sacrifice of candor rest our judgment upon them. We think we ought not to do so. We should adopt the argument and the conclusion of the dissenting judges in Wright v. Hart, and affirm the validity of the statute on which the plaintiff builds his rights.
The order should be reversed, without costs, and the questions certified answered in the affirmative.
WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur.
Order reversed, etc.