### In re UNITED TRAVELING GOODS CO., Inc.

(Circuit Court of Appeals, Second Circuit.   January 7, 1924.)

#### No. 155.

**Fraudulent conveyances ⊜⇒47—Mortgage held void under statute relating to sales or mortgages of goods in bulk; "stock of merchandise."**

Lien Law N. Y. § 230-a, requiring an inventory and notice to creditors before the giving of a mortgage on a stock of merchandise in bulk, did not apply to a mortgage on machinery, fixtures, chattels, etc., at the place of business of one engaged in manufacture and sale of traveling goods, unless it was intended to cover, not only machinery, fixtures, chattels, etc., but also the stock of goods and merchandise owned by the manufacturer, in which case it would be void.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the United Traveling Goods Company, Inc., bankrupt. Petition by Isidore Silver to revise an order of the District Court. Petition dismissed.

Goldstein & Goldstein, of New York City (Jonah J. Goldstein, of of New York City, of counsel), for petitioner.

Joseph F. McGuire, for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The bankrupt was engaged in the manufacture and sale of articles sufficiently indicated by its name. It gave a chattel mortgage, to which was appended a schedule of the chattels covered by the instrument of hypothecation. This schedule enumerates specifically certain machines and tools, and concludes with the following words:

"All shaftings, transmitters, pulleys, belting, benches, gas stove, plumbing, shelves, office fixtures, and all other chattels and utensils, *as well as everything else in said place contained* and thereto belonging, and located in the premises No. 586 Grand street in the borough of Brooklyn, city of New York."

The contents of the bankrupt's premises passed into the possession of the trustee, and the mortgagee took the usual proceedings to assert the lien of his mortgage. The trustee asserted that the mortgage was void under section 230-a of the Lien Law (Consol. Laws, c. 33), and, the matter having been referred to a commissioner, the mortgagee testified:

That the agreement between himself and the bankrupt was that he should loan $800. "Q. On what? A. On the place. Q. Everything that was in the place? A. Yes, sir."

The view we take of the applicability of the cited section of the New York Lien Law is sufficiently indicated by our opinion In re Henningsen, 297 Fed. 821, filed this day. There remains only tthe fact inquiry, viz.: Did this mortgage really cover, and was it intended to cover, not only the machinery, fixtures, chattels, etc., but the stock of goods and merchandise owned by defendant, by it made and intended for sale?

A majority of this court are of opinion that such was the intent of the parties, that intention is so plainly expressed by the mortgage instrument that it cannot be mistaken, and therefore the mortgage is void under section 230-a. This cause was brought before us by petition to revise. This was improper, vide the Henningsen opinion, supra. But as no objection was made to the practice by the appellee, we have expressed opinion on the merits.

Petition dismissed, without costs.