ISIDORE MOSSON and Another, Copartners, Doing Business under the Trade Name and Style of MOSSON BROTHERS, Respondents, *v.* CHARLES KRISER, Appellant, Impleaded with STERTZ & MULLIN WOODWORKING CO., INC., a Domestic Corporation, Defendant.

First Department, March 13, 1925.

Sales — bulk sales — action by creditors to have sale in bulk declared void and for appointment of receiver — complaint states cause of action under Personal Property Law, § 44, which alleges that woodworking company, plaintiff's debtor, sold its business, together with goods, wares and merchandise, in bulk, without notice to creditors or otherwise complying with Personal Property Law, § 44.

The complaint in an action by creditors to have a sale in bulk by their debtor declared to be void and for the appointment of a receiver states a cause of action, under section 44 of the Personal Property Law, which alleges that the debtor, a woodworking company, sold and transferred to the other defendant its business, together with the goods, wares, merchandise, fixtures and machinery thereof, in bulk, by a bill of sale, not in the ordinary course of trade nor in the regular prosecution of the business of the debtor, that the purchasing defendant did not give notice of the purchase to the creditors of the debtor five days prior to the purchase and sale, and that the debtor failed entirely to conform to the requirements or to do any other of the things prescribed by section 44 of the Personal Property Law to render valid such a sale in bulk.

APPEAL by the defendant, Charles Kriser, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of July, 1924, denying the defendant's motion for judgment on the pleadings.

*Myers, Ingle & Schulkind* [*Edward B. Schulkind* of counsel], for the appellant.

*Harry Weinberger* [*Leo Greenbaum* of counsel], for the respondents.

MERRELL, J.:

The action is brought by the plaintiffs as copartners in their own behalf and that of all other creditors of the defendant Stertz & Mullin Woodworking Co., Inc., under section 44 of the Personal Property Law, to declare a sale of fixtures, machinery and merchandise of said corporation to the defendant, appellant, Kriser,

void; for the appointment of a receiver, and for an accounting by the appellant of moneys received by him on a resale of said property. The answer of the defendant is substantially a general denial of the allegations of the complaint, and by way of separate defense, that all of the creditors of Stertz & Mullin Woodworking Co., Inc., acquiesced in the sale to the appellant of said property and are estopped from questioning the same. The defendant moved to set aside the complaint for insufficiency.

I think the complaint states a good cause of action, and if the plaintiffs are able to establish the truth of their allegations they will be entitled to the relief sought. Under the allegations of the complaint the plaintiffs are copartners in business. The defendant Stertz & Mullin Woodworking Co., Inc., is a domestic corporation organized under the laws of this State. The plaintiffs further allege that the question which is the subject of this action is one of common and general interest to the creditors of said woodworking company. In the 4th paragraph of plaintiffs' complaint it is alleged that the plaintiffs were and are creditors of the defendant Stertz & Mullin Woodworking Co., Inc., on account of goods theretofore sold and delivered by plaintiffs to said woodworking company at its request and upon an agreed price of $2,519.81, no part of which has been paid, except the sum of $1,100. In the 5th paragraph of the complaint it is alleged: " That heretofore and prior to the 19th day of February, 1924, said defendant, Stertz & Mullin Woodworking Co., Inc., was engaged in the business of woodworking and cabinet work at No. 420 East 106 Street, in the City of New York."

Then follows the 6th paragraph of the complaint, as follows:

"*Sixth.* That on and before said 19th day of February, 1924, said defendant, Stertz & Mullin Woodworking Co., Inc., sold and transferred to the defendant, Charles Kriser, the said business, together with the goods, wares, merchandise, fixtures and machinery thereof in bulk by a bill of sale and said transfer and sale were not made in the ordinary course of trade or in the regular prosecution of the business of the defendant, Stertz & Mullin Woodworking Co., Inc., and are fraudulent and void as against plaintiffs and the other existing creditors of the defendant, Stertz & Mullin Woodworking Co., Inc."

The plaintiffs then allege that the defendant Kriser did not give notice thereof to the creditors of the defendant five days prior to said purchase and sale, and that the defendant Stertz & Mullin Woodworking Co., Inc., entirely failed to conform with the requirements or to do any other of the things prescribed in section 44 of the Personal Property Law to render valid such sale of property in

bulk. By the 8th clause of the complaint the plaintiff alleges that the defendant Kriser is, therefore, accountable and responsible to the plaintiffs and all other existing creditors similarly situated " to the extent of the value of all the goods, wares, merchandise, fixtures and machinery included in the said defendant's purchase received by him from the defendant Stertz & Mullin Woodworking Co., Inc., by virtue of such tender, transfer and sale in bulk."

Section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507), known as the Bulk Sales Act, provides as follows: " § 44. Transfer of goods in bulk. 1. The sale, transfer or assignment in bulk of any part or the whole of a stock of merchandise, or merchandise and of fixtures pertaining to the conducting of the business of the seller, transferrer or assignor, otherwise than in the ordinary course of trade and in the regular prosecution of said business, shall be void as against the creditors of the seller, transferrer or assignor unless the seller, transferrer or assignor and the purchaser, transferee or assignee shall at least five days before the sale make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller, transferrer or assignor of each article to be included in the sale; and unless the purchaser, transferee or assignee demand and receive from the seller, transferrer or assignor a written list of names and addresses of the creditors of the seller, transferrer or assignor with the amount of the indebtedness due or owing to each and certified by the seller, transferrer or assignor under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser, transferee or assignee shall at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof."

It is the contention of the appellant that the sale alleged and set forth in the complaint was not such a sale of merchandise, or merchandise and fixtures as was contemplated by section 44 of the Personal Property Law. It seems to me that when the plaintiffs alleged, as they did in their complaint here, that the woodworking company sold and transferred to the defendant Kriser the said business " together with the goods, wares, merchandise, fixtures and machinery thereof in bulk," it clearly alleged a fact bringing the transaction within section 44 of the Personal Property Law, and that the failure of the parties to such transaction to have made the inventory and to give the notice to the creditors and observe the other provisions of section 44 of the Personal Property Law,

rendered the transaction void and justifies the appointment of the receiver asked for. It is true that in the 5th paragraph of the complaint it is alleged that the said defendant Stertz & Mullin Woodworking Co., Inc., was engaged in the business of woodworking and cabinet work, but there is nothing in such business which would be inconsistent with defendant's carrying a stock of merchandise and selling and disposing of the same in connection with its business. Indeed, it is difficult to understand how any one engaged in the business of woodworking and cabinet work would not manufacture goods for sale, either at retail or wholesale, and it is quite reasonable to assume that when engaged in such business a stock of goods was accumulated which it afterwards disposed of to customers in the usual course of business. It seems to me that the situation is quite like that of the shoe manufacturer who purchases a large amount of leather and raw material from which shoes are made which are afterwards disposed of as merchandise. Take the case of the Æolian Company on Forty-second street. They purchase large quantities of high-grade lumber for the manufacture of sounding boards and other parts to musical instruments, which are sold and disposed of to the public. If the Æolian Company should sell its business in bulk, not only its fixtures but its stock of manufactured articles, could it be said that they would not be within the provisions of section 44 of the Personal Property Law? It must be borne in mind that this appeal is from an order denying the defendant's motion for judgment on the pleadings upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The allegations of the complaint must be taken as true, and the complaint alleges that the defendant Stertz & Mullin Woodworking Co., Inc., sold its business to the defendant Kriser, together with the goods, wares, merchandise, fixtures and machinery thereof in bulk. The truth of such allegation must be admitted, and I think clearly it alleges a cause of action in connection with the other allegations of the complaint within section 44 of the Personal Property Law. It may be that upon the trial the plaintiffs will be unable to show the sale of merchandise by the woodworking company within the provisions of the statute; and if so, the complaint must be dismissed, but I think, so far as the complaint is concerned, it contains facts sufficient to constitute a cause of action. I can see no good reason why the provisions of the statute, which was clearly enacted for the protection of creditors, should not be extended and apply to the situation alleged in the complaint.

" These statutes should be construed and applied with a view to cure the evil at which they are aimed, which is the defrauding of

creditors by secret bulk sales." (27 C. J. 875.) And in Mr. Arthur F. Curtis' article on Statutes and Statutory Construction (1 McKinney's Consol. Laws of N. Y. 116, § 56), in discussing the rule to be applied to statutory construction, it is said: " The consideration of the evil to be corrected is especially important in the exposition of remedial statutes, which are construed so as to meet the mischief and advance the remedy." The law has been held to be constitutional. (*Klein* v. *Maravelas*, 219 N. Y. 383.)

There is no proof before us but that the Stertz & Mullin Woodworking Co., Inc., while engaged in the business of woodworking and cabinet work, were not also engaged in the business of retailing the goods, wares and merchandise which they manufactured. Indeed, the complaint expressly alleges that the sale of the business was made to the defendant Kriser, together with the goods, wares, merchandise, fixtures and machinery thereof in bulk, and that such sale was not made in the ordinary course of trade or in the regular transaction of the business of said defendant, Stertz & Mullin Woodworking Co., Inc.

The order appealed from should be affirmed, with ten dollars costs and disbursements to the respondent against the appellant.

CLARKE, P. J., FINCH and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.