JOHN DIGREGORIO, Plaintiff, *v.* AVANTI PUBLISHING Co., INC., and Others, Defendants.

Supreme Court, New York County, February 4, 1927.

Sales — bulk sales — action by judgment creditor under Personal Property Law, § 44, to have sale of publishing business set aside as void and for appointment of receiver —" publishing and printing business " comes within purview of said statute — motion to dismiss complaint denied.

The complaint in this action, under section 44 of the Personal Property Law, to have a sale in bulk by plaintiff's judgment debtor declared void and for the appointment of a receiver, states a cause of action, which alleges that the

judgment debtor, a printing and publishing company, sold and transferred to the other defendant its business, together with the goods, wares, merchandise, machinery, fixtures and good will, as well as the lease of the premises occupied by the judgment debtor, in bulk; that said sale was not made in the ordinary course of trade and in the regular prosecution of the business of the publishing company, and that because defendants have failed to comply with the provisions of section 44 of the Personal Property Law, the sale should be set aside.

A business characterized as a " publishing and printing " business comes within the purview of section 44 of the Personal Property Law, in the absence of anything to show that the printing company did not keep a stock of merchandise to be sold in the ordinary course of business.

ACTION by plaintiff under section 44 of the Personal Property Law to declare a sale of printing and publishing business void, for the appointment of a receiver, and for an accounting.

*Leo Rosenberg,* for the plaintiff.

*Edward E. Bianco,* for the defendants.

GIBBS, J.   The complaint alleges, among other things, that the defendant Avanti Publishing Co., Inc., was indebted to the plaintiff in the sum of $2,471.38 for work, labor and services performed between February, 1921, and April, 1923; that subsequent thereto and on the 12th day of May, 1926, plaintiff recovered a judgment against this defendant; that the defendant Avanti Publishing Co., Inc., was engaged in the publishing and printing business in the city of New York, and that on the 1st day of August, 1925, said defendant transferred and assigned to the defendants Equality Printing Co., Inc., and Avanti News Co., Inc., " said business, together with the goods, wares, merchandise, machinery, fixtures, good will, as well as a lease of premises No. 81 East 10th Street, in the Borough of Manhattan, City of New York, made by Auguste Van Horst Stuyvesant, for a term of twenty-one years from April 30, 1923, and the building erected upon said premises, which was the property of the defendant Avanti Publishing Company, Inc., in bulk; that said transfer and sale were not made in the ordinary course of trade and in the regular prosecution of the business of the defendant Avanti Publishing Company, Inc., and are fraudulent and void as against the plaintiff and the other existing creditors of the said defendant Avanti Publishing Company, Inc."   The complaint further alleges that the defendants have failed to comply with the provisions of section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507), and demands judgment for the relief heretofore mentioned.   The defendants move to dismiss the complaint under rule 106, subdivision 5, of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action.   The defendants urge that

the alleged sale and transfer of said business, goods, wares and merchandise was not the kind of a sale contemplated by section 44 of the Personal Property Law. This statute, in part, provides: " * * * The sale, transfer or assignment in bulk of any part or the whole of a stock of merchandise, or merchandise and of fixtures pertaining to the conducting of the business of the seller, transferrer or assignor, otherwise than in the ordinary course of trade and in the regular prosecution of said business, shall be void as against the creditors of the seller * * *."

For the purposes of this motion the allegations set forth in the complaint must be taken as true. The question to be determined is whether a business characterized as a " publishing and printing " business comes within the purview of the statute. I believe it does. There is no evidence before the court at this time indicating whether or not the defendant Avanti Publishing Co., Inc., carried a stock of merchandise, manufactured or printed by it, which might be sold either wholesale or retail to the general trade. It may be that this defendant printed legal forms or the edition of a book or a set of books; perhaps it kept a stock of such merchandise and sold it whenever requested to do so by retail concerns or individual traders. I do not believe the Legislature intended to exclude tradesmen of this character from the application of the statute. It may develop on the trial that this defendant did not keep a stock of merchandise to be sold in the ordinary course of business. Perhaps this defendant only printed articles for the individual wants of particular customers; but until proof is offered to this effect it is as consistent to assume that the defendant did carry a stock of merchandise which it sold in the ordinary course of its business as to assume that it did not. (*Mosson* v. *Kriser*, 212 App. Div. 282.) In that case the learned justice writing for the court, said: " There is no proof before us but that the Stertz & Mullin Woodworking Co., Inc., while engaged in the business of woodworking and cabinet work, were not also engaged in the business of retailing the goods, wares and merchandise which they manufactured. Indeed, the complaint expressly alleges that the sale of the business was made to the defendant Kriser, together with the goods, wares, merchandise, fixtures and machinery thereof in bulk, and that such sale was not made in the ordinary course of trade or in the regular transaction of the business of said defendant, Stertz & Mullin Woodworking Co., Inc."

In the case at bar the complaint sets forth all the allegations necessary to bring it within section 44 of the Personal Property Law. I am convinced that it sets forth a good cause of action. Motion to dismiss the complaint denied. Settle order.