BEN BIMBERG & Co., INC., and Others, Plaintiffs, *v.* UNITY COAT & APRON Co., INC., Defendant.*

Supreme Court, New York County, February 28, 1934.

* See, also, 151 Misc. 442.

*Murray S. Meyerson*, for the plaintiffs.

*Moos, Nathan, Imbrey & Levine*, for the defendant.

COLLINS, J. This action is by judgment creditors to set aside the sale of a business as not complying with section 44 of the Personal Property Law, commonly designated as the Bulk Sales Law.

The facts are free from dispute. The business of the judgment debtor, the sale of which is here challenged, was that of supplying laundered coats, aprons and similar laundered articles to customers, for which service the customers paid. To serve her customers the judgment debtor kept and maintained a stock of coats, aprons, etc.

The subject of the sale was the entire " business of supplying clean laundered coats, aprons, towels and other articles conducted under the name of the first party [judgment debtor] at and from the premises aforementioned, including the good will of the said business and the entire stock of articles served or intended to be served to the trade, consisting of coats, aprons, towels, gowns, hoovers, trousers, suits, cabinet towels, office towels, table tops, cloths and napkins, at least sufficient * * * for the said business done of approximately Two Hundred and Sixty ($260.00) Dollars per week, now in the premises at 9 Seaside Walk or in the premises of the customers of said business or in wash; including the route books and/or cards and lists of customers, and the right to serve all of the customers of the said business; the right also to use the trade name Ruth Feist Coat & Apron Co.; including also 1 Ford Sedan, year 1926, which the first and second parties represent and warrant is in good running condition; including also one desk, one cash register, shelving and all other furniture and fixtures, now used in the said business."

The defendant — purchaser of the business — contends that the sale was not of a " stock of merchandise, or merchandise and of fixtures pertaining to the conduct of the business of the seller," and, hence, that the sale does not come within the purview of section 44.

Before the trial the complaint was assailed as legally insufficient,

but in upholding it Mr. Justice Schmuck held: " Regardless of the interpretation and definition of what constitutes sale in bulk by foreign jurisdictions and considering the rule laid down by the Appellate Courts of this state it would seem that the complaint alleging a sale in bulk of an entire business, together with the fixtures, machinery and good will, shows a sale within section 44 (*Mott* v. *Reeves*, 125 Misc. 511)."*

The decision of Mr. Justice Schmuck was affirmed.

It has been held that section 44 is in derogation of the common law and of one's right to dispose of his property without restriction, and must, therefore, be strictly construed. (*Mott* v. *Reeves, supra;* affd., 217 App. Div. 718; affd., 246 N. Y. 567; *Thorndike & Hix Lobster Co.* v. *Hall*, 132 Misc. 723.)

Accordingly, it has been decided that the sale of a saloon by a lessee (*Pritz* v. *Jones*, 117 App. Div., 643) and the transfer of the furniture and fixtures of a hotel, with a half interest in an automobile (*Stewart* v. *Sulger*, 174 App. Div. 838), do not come within the section. And many cases from other jurisdictions uphold the defendant's position that the term " merchandise " connotes " articles of merchandise kept for sale " (*Meier Electric & Machine Co.* v. *Dixon*, 81 Ind. App. 400; 143 N. E. 363), and these cases seemingly lend support to the defendant's claim of exemption from the operation of section 44.

On the other hand, the sale of a publishing business, together with the necessary fixtures, machinery and merchandise and the good will, has been held to come within section 44. (*Digregorio* v. *Avanti Pub. Co., Inc.*, 129 Misc. 345.) Also the sale by a woodworking concern of its business, together with the goods, wares, merchandise, fixtures and machinery thereof. (*Mosson* v. *Kriser*, 212 App. Div. 282.) And a sale by a retail hardware merchant, who, as a side line, engaged in wiring buildings, of wire, etc., to be used in connection with a particular job of wiring, was held to constitute a sale of " merchandise." (*Mott* v. *Reeves, supra.*)

Though the provisions of section 44 are in derogation of the common law, its design and spirit must be accorded consideration. The section is not exempt from the rule of reasonable construction. It is also protectory and remedial; it provides protection and a remedy to creditors.

To infuse section 44 with vitality and invest it with efficacy, the term " merchandise " is not to be given a pinched and circumscribed interpretation. The law should not be so narrowed as to nullify its aim or weaken its purport. The phrase " stock of merchandise, or merchandise and of fixtures," is much broader than the defendant ascribes to it. Without undertaking the hazards of

---

* 151 Misc. ——; affd., 240 App. Div. 959.

defining the term or prescribing its limits, it is patent that the term has a more comprehensive significance and scope than that which the defendant allots to it. It seems clear that the commercial enterprise which the judgment debtor conducted was within the intent and contemplation of the section.

The circumstance that the linens were rented instead of sold over the counter does not destroy the " merchandise " character of the goods. She divested herself of the entire business. The law was intended to embrace certain commercial sales in bulk rather than sales of any particular business.

It is the character and effect of the *sale*, rather than the *nature* of the business, that supplies the chief test.

I am convinced that the sale here involved " the whole of " the judgment debtor's " stock of merchandise " and all " fixtures pertaining to the conducting of the business of the seller," and thus came within both the letter and spirit of section 44. Since the provisions of that section were not complied with, the sale was void as against the judgment creditor plaintiffs.

Judgment for the plaintiffs. Submit appropriate findings and judgment.