## In re SARAW.

### No. 470.

Circuit Court of Appeals, Second Circuit.

July 26, 1937.

Harry Cooper, of Medina, N. Y., for appellant.

Mortimer A. Federspiel, of Lockport, N. Y., for appellee.

958

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Upon his voluntary petition Frank A. Saraw was adjudicated a bankrupt on September 8, 1936. Prior thereto he owned and operated a cider mill in Ridgeway, N. Y., wherein he made apple cider and converted it into vinegar. He also processed cider for others, mixing theirs and his in the same tanks. The practice was to produce the vinegar indiscriminately from all the cider used and to divide it pro rata among the owners of the processed cider. The vinegar belonging to the bankrupt, he was accustomed to sell in bulk lots to the wholesale trade and not as a retailer. Between October 22 and December 2, 1935, the Citizens State Bank of Lyndonville, N. Y., made several loans to the bankrupt, evidenced by his notes and secured by chattel mortgages upon cider or vinegar. There were six such mortgages, five upon cider and one upon vinegar; all but one represented fresh loans. Each mortgage covered a specified number of gallons in a specified tank on the bankrupt's premises. At the time of adjudication of bankruptcy, practically all cider so mortgaged had been converted into vinegar, and there remained in the bankrupt's tanks about 73,000 gallons of vinegar, of which some 15,000 gallons was awarded to a reclamation claimant upon payment of the processing charges. The rest of the vinegar was claimed by the Bank, by virtue of its chattel mortgages, to be security for notes of the bankrupt held by it. The trustee in bankruptcy, as representative of creditors who were such when the mortgages were given, contested the validity of them on the ground that section 230-a of the New York Lien Law had not been complied with. The referee in bankruptcy held them void, and the District Court confirmed his report. From this order the Bank has appealed.

Section 230-a of the New York Lien Law reads as follows:

"§ 230-a. *Chattel Mortgages on Stocks of Merchandise.* Every mortgage or conveyance intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor, shall be void as against the creditors of the mortgagor, unless the mortgagor shall at least five days before the execution of such mortgage make a full and detailed inventory showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the mortgagor of each article to be included in the mortgage; and unless the mortgagee demand and receive from the mortgagor a written list of names and addresses of the creditors of the mortgagor specifying the amount due or owing to each and certified by the mortgagor under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the mortgagee shall at least five days before the execution of such mortgage notify personally or by registered mail every creditor whose name and address is stated in such list, or of which he has knowledge, of the proposed mortgage and the terms and conditions thereof."

The question presented is whether the cider and vinegar mortgaged by Saraw were "a stock of merchandise in bulk or any part thereof" within the meaning of this statute. Section 230-a is an application to mortgages of the Bulk Sales Act (section 44, N.Y. Personal Property Law). See In re Henningsen, 297 F. 821 (C.C.A.2). Hence, cases construing one statute are apposite to the other. As a matter of original interpretation, we should read the statutes as relating to merchants who are accustomed to carry "a stock of merchandise" of various articles, and inventory "the cost price" to them of "each article." Saraw was not a merchant in the ordinary sense of that word; he was a manufacturer of vinegar which he sold to the wholesale trade, and a processor of cider for others who wished it converted into vinegar. One would not naturally describe a quantity of cider kept in large tanks during the process of manufacturing vinegar as "a stock of merchandise"; nor would the completed product, still stored in large tanks, be aptly described by that phrase. Saraw's sales of vinegar were merely incidental to his business of manufacturing. Unless precluded by authoritative decisions to the contrary, we should hold that section 230-a was no more applicable to him than it would be to a farmer who picks and markets at wholesale his crop of apples; or to the lessee or owner of a sawmill who cuts logs into lumber (Cooney, Eckstein & Co. v. Sweat, 133 Ga. 511, 66 S.E. 257, 25 L.R.A.(N.S.) 758; Ramey-Milburn Co. v. Sevick, 159 Ark. 358, 252 S.W. 20); or a pea-canning factory (Nichols, North, Buse Co. v. Green County Canneries, 188 Wis. 115,

205 N.W. 804, 41 A.L.R. 1211); or stonecutters (Connecticut Steam Brown Stone Co. v. Lewis, 86 Conn. 386, 85 A. 534, 45 L.R.A.(N.S.) 495); cf. Hart v. Brierley, 189 Mass. 598, 76 N.E. 286; and under the differently worded Illinois statute (Coon v. Doss, 361 Ill. 515, 198 N.E. 341, 102 A. L.R. 561). But it is contended by the trustee in bankruptcy that we are precluded from reaching this result by reason of New York decisions as well as prior cases in our own court.

[redacted] In construing a New York statute, the decisions of the highest court of the state are, of course, authoritative in the federal courts; but no case in the Court of Appeals of New York decisive of the issue at bar has been brought to our attention. A former Bulk Sales Act which was held unconstitutional in Wright v. Hart, 182 N. Y. 330, at pages 336, 337, 75 N.E. 404, 2 L.R.A.(N.S.) 338, 3 Ann.Cas 263, was construed to apply to merchants only, if "merchandise" be given its ordinary business signification, although it was also recognized that by a more liberal interpretation of that word finished manufactured products and the stocks of jobbers and wholesale merchants might be included. In Klein v. Maravelas, 219 N.Y. 383, 114 N.E. 809, L.R.A.1917E, 549, Ann.Cas. 1917B, 273, the prior decision was expressly overruled, but nothing in the later opinion indicates a view that the statute had been too narrowly construed in the Wright Case. The cases in the lower New York courts are also inconclusive. In Mott v. Reeves, 125 Misc. 511, 211 N.Y.S. 375, 379, affirmed 217 App.Div. 718, 215 N.Y.S. 889, and 246 N.Y. 567, 159 N.E. 654, without opinion, there is a dictum that the Bulk Sales Act does not cover raw materials which are to be made into the finished product of a manufacturer. In Bimberg & Co., Inc., v. Unity Coat & Apron Co., 150 Misc. 836, 839, 270 N.Y.S. 580, 583, it was said that "It is the character and effect of the sale, rather than the nature of the business, that supplies the chief test." There the statute was held applicable to a seller whose business was supplying to customers for a fee the use of laundered coats and similar laundered articles. The case was affirmed in 244 App.Div. 777, 280 N.Y.S. 220. In Mosson v. Kriser, 212 App.Div. 282, 208 N.Y.S. 566, a sale by a wood-working company of its business, together with the goods, wares, merchandise, fixtures and machinery thereof, was held to be within the statute, and it was said that the statute should be construed with a view to the evil at which it is aimed; namely, the defrauding of creditors by secret bulk sales. If a manufacturer sells or mortgages all "merchandise and fixtures pertaining to the conduct of the business" of the seller or mortgagor, it may well be that the transaction is a bulk sale within the evil at which the statute was aimed. Mosson v. Kriser, supra, was such a sale. A mortgage of this character was involved in the case of In re United Traveling Goods Co., Inc., 297 F. 823 (C.C.A.2). There the bankrupt was engaged in the manufacture and sale of articles sufficiently indicated by its corporate name. Whether it was a retailer or wholesaler does not appear. It gave a mortgage upon everything in its place of business. This was held void under section 230-a. Another case much relied upon by the trustee in bankruptcy is In re Laureate Co., 294 F. 668, 670 (C. C.A.2). The bankrupt's business was advertising novelties, printing folding boxes, and selling calendars. Its mortgage covered fixtures (job presses with motors attached) and all other goods and chattels mentioned in a schedule, which listed, among other chattels, "130,000 pictures for calendars." The court ruled that these pictures, before they were attached to the calendars as well as after, constituted merchandise pertaining to the business of the mortgagor. There is nothing said in the opinion to indicate that the court considered the bankrupt to be a manufacturer rather than in a mercantile business of selling advertising novelties, folding boxes and calendars.

None of the cases seems to us to require that the statute should be construed to apply to a manufacturer who sells only to the wholesale trade and in ordinary course of business places a mortgage upon a part of the raw materials he has acquired for the purpose of manufacturing his final product. Such materials are not held by him for sale and are not properly described as "a stock of merchandise." We cannot believe that the Legislature would have used such inappropriate language had it intended to require that notice be given to all a manufacturer's creditors before he could place a valid mortgage on any part of his raw materials. If he were selling out his business or mortgaging everything in the plant, the transaction would be within the spirit and purpose of the bulk sales stat-

utes and might, as some of the above cases indicate, be construed to be within the phrase "merchandise and fixtures pertain·ing to the conduct of the business." While the case is not quite so clear as to a mort·gage upon part of a manufacturer's finished product, we believe the same conclusion should also be reached as to such a mort-gage. Even if it were otherwise in the case of a manufacturer of ordinary articles, we think it would strain unduly the language of section 230-a to bring within its words mortgages upon cider being processed in vats or vinegar being stored in the vats in which it was made.

Order reversed.