**In the Matter of NOVELTY BELTS MANUFACTURING CO., Inc., Bankrupt.**

United States District Court
S. D. New York.
April 30, 1959.

**462**

Nemeroff, Jelline, Danzig & Paley, New York City, for petitioner.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for trustee.

WEINFELD, District Judge.

Petitioner, Eastern Factors, Inc., seeks review and reversal of an Order of the Referee in Bankruptcy which declared null and void a chattel mortgage executed to it by the Bankrupt, Novelty Belts Manufacturing Co., Inc.

The Referee found that the mortgage was intended to operate as a mortgage upon a stock of merchandise in bulk or upon merchandise and fixtures pertaining to the conduct of the business of the Bankrupt, and since notice was not given to creditors, held it was void under section 230–a of the New York Lien Law,

The Referee based his conclusion upon an interpretation of two documents—the chattel mortgage and a "Memorandum of Agreement" executed the same day.

The "Memorandum of Agreement" was in effect a factoring agreement under which the Petitioner was to make advances against an assignment of accounts receivable. The Agreement required the Bankrupt to execute a first chattel mortgage on its "equipment, fixtures and merchandise" as further security for the payment of any balance due the Petitioner.[1] It is this chattel mortgage which the Referee declared void.

Since his determination did not rest upon an appraisal of witnesses' credibility or a resolution of conflicting evidence as to what items were intended by the parties to be covered by the chattel mortgage, the general rule that a Referee's findings will not be disturbed unless clearly erroneous[2] is not applicable.

Under the circumstances presented here, the District Judge, as a court of review, "can more freely draw differing inferences from the undisputed facts."[3]

The lien of the chattel mortgage as executed extended to specifically enumerated items, "including any and all equipment, fixtures, chattels of every kind and description" located at the Bankrupt's manufacturing plant in New York City.

Section 230–a of the New York Lien Law, by its express terms, is intended to apply to chattel mortgages on stocks of merchandise as distinguished from other personal property. The statute condemns as void "every mortgage or conveyance intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor" unless notice is given to creditors and other requirements are complied with.

In deciding whether a chattel mortgage comes within the proscription of section 230–a, the basic inquiry in each case is whether it was "intended to cover, not only the machinery, fixtures, chattels, etc., but the stock of goods and merchandise owned by [the mortgagor], by it made and intended for sale."[4]

Significantly, the instant chattel mortgage nowhere refers to "merchandise". Nonetheless, the Referee found that the parties intended the mortgage to operate as one upon a stock of merchandise in bulk and also upon merchandise and fixtures pertaining to the conduct of the business of the Bankrupt.

The Referee reasoned that the clause "chattels of every kind and description which are located at #48 West 25th Street" included merchandise consisting

---

1. The mortgage was also given to secure the payment of moneys which the Bankrupt had allegedly improperly collected under an assignment of accounts receivable made under an earlier agreement.

2. General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53.

3. Matter of Morasco, 2 Cir., 233 F.2d 11, 15. See also In re Sandow, 2 Cir., 151 F.2d 807, 809; Costello v. Fazio, 9 Cir., 256 F.2d 903, 908; In re Gurinsky, D.C. S.D.N.Y., 105 F.Supp. 42, 44, affirmed, 2 Cir., 196 F.2d 296.

4. In re United Traveling Goods Co., 2 Cir., 297 F. 823, 824.

of the raw material used by the Bankrupt in its factory at these premises,[5] as well as the finished goods used in "the selling end of its business."

In further support of his conclusion that the parties intended the mortgage to cover "merchandise", although nowhere mentioned therein, the Referee relied upon two paragraphs of the Memorandum of Agreement. Paragraph 32 of that instrument gave the Petitioner the right to receive all moneys or checks remitted by the Bankrupt's customers, including the further right to

> "receive any monies or merchandise, payment in part or whole, from the [Bankrupt's] customers, whether or not same is on an account assigned to the [Petitioner] and such remittance or return of merchandise may be applied on account of the general indebtedness from the [Bankrupt] to the [Petitioner]."

Paragraph 48 provided that the Bankrupt "will execute a first chattel mortgage on its equipment, fixtures and merchandise" to Petitioner as security for the payment of any balance due.

In reaching his conclusion, the Referee either overlooked or seemingly disregarded not only the fact that the word "merchandise" nowhere appeared in the final version of the basic document, the chattel mortgage—but also ignored the demonstrable fact that although it originally appeared in four separate places, it was deliberately deleted from each.

■ I am persuaded that the affirmative acts, in deleting "merchandise" from the chattel mortgage wherever it appeared, compel the conclusion that the parties intended to exclude "merchandise" from the terms of the chattel mortgage, and that the Referee's holding is so clearly contrary to the manifest intention of the parties that his Order must be reversed.

The first deletion appears in a clause which specifies that the chattel mortgage shall be additional collateral security in the event of any default or deficiency that may arise out of the assigned accounts or the finance agreement and also provides for a subordination by a prior chattel mortgagee. As first drawn, it applied to all " * * * of the chattels, merchandise and equipment herein referred to * * *." The word "merchandise" was stricken from the clause so that the final reference is to "chattels, and equipment herein referred to."

The next three deletions are of even greater significance. They originally appeared in a typewritten clause at the end of one of the schedules attached to the mortgage. As originally typed, the paragraph read as follows:

> "Including any and all equipment, fixtures, chattels and merchandise of every kind and description which are located at '#48 W 25th Street, New York, N. Y., or such other address of the said mortgagor, together with any additions, substitutions, replacements or replenishments of any of said chattels, fixtures, equipment and merchandise during the term of this mortgage or any extension thereof of every kind and character. The lien of this mortgage shall attach to and be a lien upon any and all chattels and merchandise hereinafter brought upon the above described premises." (Emphasis supplied.)

■ However, before execution and delivery of the chattel mortgage, the whole foregoing paragraph was stricken out, was entirely retyped, and in the three instances where the word "merchandise" appeared, it was omitted from the retyped version. If the deletions have no meaning, then the parties would have been just as well advised to have allowed the paragraph, with its reference in three places to "merchandise", to remain as originally drawn. To disregard the demonstrable purpose of the

---

5. There is some question as to whether section 230–a of the New York Lien Law extends to mortgages on raw materials. In re Saraw, 2 Cir., 91 F.2d 957, 959.

draftsman to exclude merchandise from the scope of the chattel mortgage is to do what the parties sought to avoid. As stated by the Court of Appeals in construing language contained in a chattel mortgage which was attacked as being in violation of section 230–a:

"Observing that the draftsman of the mortgage generally sought to mortgage goods and chattels only (a phrase which plainly would not cover a shifting stock of food and drink), we think the mortgage language should be construed according to familiar rules, so as to preserve rather than destroy the document."[6]

Apart from the foregoing physical evidence of purpose to exclude merchandise, further evidence appears from the schedules attached to the chattel mortgage. These list more than 1,500 specific items. All are machines, equipment and fixtures used in the factory or office of the Bankrupt. Not one of these items can be classified as either raw material or finished goods intended for sale. That the parties did not intend to include merchandise can further be fairly inferred from the fact that no single item of raw material or finished goods was specified in detail as were the other articles.[7]

Undoubtedly the phrase "chattels of every kind and description" is a broad comprehensive term but its meaning must be determined as a matter of intent, tested against the affirmative action of the parties in deleting in four separate instances the word "merchandise" and the specificity with which the parties detailed more than 1,500 items, not one of which falls within the category of raw materials or finished goods for sale. The conclusion is justified that the reference to "equipment, fixtures, chattels of every kind and description" was to the type of general chattel specifically enumerated, and was a catch-all phrase to assure that such chattels were included within the chattel mortgage.

As to the Referee's reliance upon two clauses in the Memorandum of Agreement, it is noted that clause 32 makes no mention at all of a chattel mortgage. It simply refers to returned merchandise in connection with assigned accounts receivable, entitling the Petitioner to receive either the proceeds of merchandise sold or the return thereof. While it is true that clause 48 provides that the Bankrupt will execute and deliver a chattel mortgage on "its equipment, fixtures and merchandise", the document as finally drawn governs,[8] absent a showing of mistake or fraud, and no such claim is made here.

Moreover, another clause in the Memorandum of Agreement negates the emphasis placed upon the two clauses relied upon by the Referee. Thus, clause 53, which requires a prior chattel mortgagee to subordinate the lien of his mortgage to that to be executed to the Petitioner, Eastern Factors, Inc., provides that Petitioner's "shall be a first chattel mortgage lien against the *equipment and fixtures of*" the Bankrupt.

The Order of the Referee is reversed. Petitioner is entitled to the proceeds of the sale of the items covered by the chattel mortgage subject to deductions under the counterclaims allowed in favor of the Trustee.

Settle order on notice.

6. In re Henningsen, 2 Cir., 297 F. 821, 823.

7. Cf. American S.S. Co. v. Wickwire Spencer Steel Co., D.C.S.D.N.Y., 42 F. 2d 886, 893, affirmed, 2 Cir., 49 F.2d 766.

8. Cf. McGarry Contracting Co. v. Board of Educ., 284 N.Y. 218, 30 N.E.2d 482; Harper v. Raymond, 7 Abb.Prac., 142, 156 (N.Y.Super.Ct.).