Sidney A. Fine, J.
This is a motion for the appointment of a receiver of a vessel sold by defendant, Cambridge Carriers, Inc., to the codefendant, Pacific Seafarers, Inc., on the ground that the sale violated section 44 of the Personal Property Law.
Defendants claim that the vessel was outside the State of New York at the time of the sale and that the sale was consummated outside the State. No attempt is made, however, to state where the vessel was at the time or where the sale was consummated. No documentary or other evidence is submitted in support of defendants’ bare assertions. Even if they be true, there is nothing to indicate that the law of the jurisdiction where the vessel was or where the sale was consummated differs from our own. Moreover, earlier cases holding that the situs of the property sold determines the applicable law are not necessarily decisive today, in view of the adoption by the Court of Appeals of the ‘ ‘ center of gravity ’ ’ rule, that the law of the jurisdiction, having the most significant contacts should control (Auten v. Auten, 308 N. Y. 155). Both defendants are New York corporations, as are the plaintiffs, and the assignor of one of them. Apparently the services of one of the plaintiffs were rendered in this State, for defendants claim that said plaintiff was required to possess an architect’s license under the laws of this State. In the absence of satisfactory evidence that the vessel was sold outside the State and was located outside the State at the time, and that the law of the places where the sale was made and the vessel situated differs from our own, this court is of the opinion that our law is applicable.
*773 Defendants urge that the sale of a vessel is not a sale of merchandise within the meaning of section 44. Up to 1934 the section, it is true, applied only to a bulk sale of merchandise and fixtures. It was, however, amended in 1934 so as to prohibit bulk sales of fixtures, even though no bulk sale of merchandise was involved. The sale of .trucks and trailers has been held to be a sale of fixtures, in violation of section 44, even though no merchandise was sold (Maley v. Blakeney, 184 Misc. 705). Similar holdings have been made in other cases (see Sapphire Corp. v. American Mercury Mag., 3 Misc 2d 586, which involved no sale of merchandise, and Bimberg & Co. v. Unity Coat & Apron Co., 150 Misc. 836, affd. 244 App. Div. 777, where the linens were customarily rented, not sold). Cases decided prior to the amendment, when a bulk sale of fixtures did not violate the statute unless accompanied by a bulk sale of merchandise, are no longer applicable.
Plaintiff, Cosmopolitan Equities, Inc., has established that it is a creditor of the defendant, Cambridge Carriers, Inc. It is accordingly unnecessary to decide whether the coplaintiff is forbidden to sue by reason of the provisions of section 7307 of the Education Law. It should be observed, however, that the definition of “architecture” in section 7301 of that statute would seem to be inapplicable to naval architecture relating to vessels only.
The motion is granted to the extent of appointing defendant, Pacific Seafarers, Inc., a receiver of the vessel for the benefit of the creditors of Cambridge Carriers, Inc. (see Personal Property Law, § 44, subd. 3).